UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JOSEPH RAETANO, individually,             :
                                          :
               Plaintiff,                 :
                                          :
v.                                        :    Case No.
                                          :
RUDOLPH INVESTMENT CORPORATION, a  :
foreign for profit corporation,           :
                                          :
               Defendant.                 :
_____/

**COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, JOSEPH RAETANO, individually, on his behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, RUDOLPH INVESTMENT CORPORATION, a foreign for profit corporation, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and Florida Accessability Code ("FAC").

1.    Plaintiff  is a Florida resident, lives in Duval County, is sui juris and qualifies as an individual with disabilities as defined by the ADA.  Plaintiff is bound to ambulate in a wheelchair.

2.    Defendant's property, Krispy Kreme Doughnuts, 8425 N. Florida Ave., Tampa, FL  33604, is located in the County of Hillsborough.

3.    Venue is properly located in the Middle District of Florida  because venue lies in the judicial district of the property situs.  The Defendant's property is located in and does business within this judicial district.

4.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

5.      Plaintiff has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA and FAC compliant. The Plaintiff has encountered architectural barriers at the subject property which discriminate against him on the basis of his disability and have endangered his safety.  These barriers also prevent Plaintiff from returning to the property to enjoy the goods and services available to the public.

6.      Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA and FAC .  Plaintiff is deterred from, and is denied the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at Defendant's property equal to that afforded to other individuals.  Plaintiff is aware that it would be a futile gesture to attempt to visit Defendant's property if he wishes to do so free of discrimination.

7.      Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA.  The place of public

accommodation that the Defendant owns, operates, leases or leases to is known as Krispy Kreme Doughnuts, 8425 N. Florida Ave., Tampa, FL  33604.

8.  Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA  and FAC with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.  Plaintiff desires to visit Krispy Kreme Doughnuts restaurant not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA  and FAC so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9.  The Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

10.  The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA and FAC  by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of Krispy Kreme Doughnuts restaurant has shown that violations exist.  These violations include, but are not limited to:

## **Parking**

There is not at least one accessible route complying with ADAAG 4.3.

3

Routes provided within the boundaries of the site lead from public sidewalks to accessible building entrances preventing the plaintiff from using a safe accessible route to use the public sidewalk to go to adjoining facilities which is in violation of ADAAG 4.1.2.1.

There are only partially designed accessible parking spaces. This makes it difficult for the plaintiff to park his vehicle at the facility and is in violation of ADAAG 4.1 and 4.6.

The accessible parking space provide on the site has ramps with flared sides on which the slope exceeds 1:10 and 1:12 in violation of ADAAG 4.7/2.

The parking spaces provided have cross slopes and slopes exceeding 1:50 in violation of ADAAG 4.6.3.

The exterior walks in front of each of the tenant spaces have slopes exceeding 1:50 in violation of ADAAG 4.3.

The entrance door handles are flat and are not accessible in violation of ADAAG 4.13.

Doors are not in compliance with ADAAG 4.13.

There is not at least 5% of the fixed tables provided which are accessible in violation of ADAAG 5.1.

There is not at least one accessible route which connects the accessible building or facility entrances with all accessible spaces and elements and with all accessible units within the facility in violation of ADAAG 4.3.2.

11.     The discriminatory violations described in paragraph 10 are not an exclusive list of the

Defendant's ADA and FAC  violations.  Plaintiff requires the inspection of the

Defendant's place of public accommodation in order to photograph and measure all of the

discriminatory acts violating the ADA  and FAC and all of the barriers to access.  The

Plaintiff, and all other individuals similarly situated, have been denied access to, and have

been denied the benefits of services, programs and activities of the Defendant's buildings

and its facilities, and have otherwise been discriminated against and damaged by the

Defendant because of the Defendant's ADA  and FAC violations, as set forth above.  The

Plaintiff and all others similarly situated will continue to suffer such discrimination,

4

injury and damage without the immediate relief provided by the ADA  and FAC as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act and FAC .

12.     Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13.     Plaintiff is without adequate remedy at law and is suffering irreparable harm.  Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there

5

has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA and FAC.

15. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Krispy Kreme Doughnuts restaurant to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and FAC.

b. Injunctive relief against the Defendant including an order to make all readily

6

achievable alterations to the facility; or to make such facility readily accessible to and

usable by individuals with disabilities to the extent required by the ADA and FAC;

and to require the Defendant to make reasonable modifications in policies, practices

or procedures, when such modifications are necessary to afford all offered goods,

services, facilities, privileges, advantages or accommodations to individuals with

disabilities; and by failing to take such stops that may be necessary to ensure that no

individual with a disability is excluded, denied services, segregated or otherwise

treated differently than other individuals because of the absence of auxiliary aids and

services.

c.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C.

§ 12205.

d.      Such other relief as the Court deems just and proper, and/or is allowable under

Title III of the Americans with Disabilities Act.

Respectfully Submitted,


Barbra R. Joyner, Esq.
1470 E. Michigan St.
Orlando, FL  32806
Email:  bjoyneresq@aol.com
Phone: (407) 481-7997
Fax: (407) 481-7986
Florida Bar. Id. No. 141348
By: /s/ Barbra R. Joyner, Esq.
        Barbra R. Joyner, Esq.